IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FREDERICK CUNNINGHAM,**

        **Petitioner,**

  v.                                            **Civil Action No. 5:14cv114**
                                                     **(Judge Stamp)**

**TERRY O'BRIEN,** **Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. Procedural Background

On August 29, 2014, Frederick Cunningham [hereinafter "Petitioner], a federal inmate incarcerated at the United States Penitentiary at Hazelton, West Virginia ["USP Hazelton"], filed a *pro se* Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241. On September 5, 2014, Petitioner paid the $5.00 filing fee and submitted his Petition on the Court-approved form. On October 29, 2014, Respondent filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment and Response to Order to Show Cause. On November 3, 2014, a Roseboro Notice was sent to Petitioner. On November 20, 2014, Petitioner filed a Reply to Respondent's Motion to Dismiss or, in the alternative, Motion for Summary Judgement. This matter is before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

### II. Contentions of the Parties

Petitioner is contesting his custody classification as assigned by the Bureau of Prisons [hereinafter "BOP"]. More specifically, Petitioner contends that the BOP Designation Center

1

violated Policy Statement 5100.08 by raising his custody classification score from moderate, with no public safety factor, to greatest severity with a greatest public safety factor. For relief, Petitioner asks this court to order the BOP to correct his custody point scoring to the moderate level with no public safety factor for his current offense.

Respondent argues that Petitioner's allegations are not cognizable under § 2241 because he is not seeking an immediate or speedier release from custody, but instead is challenging the conditions of his confinement. Moreover, Respondent argues that Petitioner has no constitutional right to a particular security or custody classification.

In reply, Petitioner argues that the "'sum-total' of his custody points is causing him to remain at a USP level." (Dckt. No. 16, p.2). He further argues that if four points were removed from the original score for his current offense, he would have a total of twenty-eight points and be eligible for placement in an FCI. Petitioner notes that being housed in a USP, as opposed to an FCI, puts his life and safety at risk every day due to the violence that occurs at USP facilities as opposed to FCI facilities. Accordingly, Petitioner contends that being kept in a USP is part of how his sentence is being executed, and therefore, his claim is properly brought in a habeas petition pursuant to 28 U.S.C. § 2241.

### III. Standard of Review

**1) Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs, Inc. V. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(*quoting Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46. In *Twombly*, the United States Supreme Court noted that a complaint need not assert "detailed factual allegation," but must "contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Conley*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," (citations omitted), to one that is "plausible on its face," *Id.* at 570, rather than merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] or claim." *Bass v. E.I. DuPont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickinson v. Microsoft Corp.,* 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States,* 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard adopted by the Supreme Court in *Ashcroft v. Iqbal*, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

**2)      Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. *See Blackledge v. Allison*, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. *Maynard v. Dixon* , 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard of summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." *Celotex Corp. V. Catrett,* 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

In *Celotex*, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. *Celtotex* at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. *Id.* This means that the "party opposing a properly supported motion for summary judgment may not

rest upon mere allegations or denials of [the] pleading, but . . .must set forth specific facts showing that there is a genuine issue for trial." *Anderson* at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. *Id.* at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita,* at 587 (citations omitted).

**IV. Analysis**

As set forth in his Reply to Respondent's Motion to Dismiss or for Summary Judgment, Petitioner claims that he is challenging the execution of his sentence. His grounds for habeas relief arise out of his alleged improper custody classification by the BOP.

Section 2241 provides a remedy where a prisoner "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a 2241 petition, a prisoner may seek relief from his parole, computation of his sentence or disciplinary actions taken against him. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). Also worth noting is that at the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or a speedier release from active confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973). On the other hand, a *Bivens* action is used to hold federal officers "individually liable for constitutional violations." *Starr v. Baca*, 625 F.3d 1202 (9th Cir. 2011). Even more generally, a Bivens action allows individuals to sue a federal actor because he or she violated a right guaranteed by the Constitution or a federal law. *See Bivens*, 403 U.S. at 392-94. Further, " [a]lthough ' more limited in some respects,'

5

a *Bivens* action is the federal analog to an action against state or local officials under § 1983." *Id.* (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)); *see Preiser*, 411 U.S. at 499 ( "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody." )

Here, Petitioner alleges no facts to demonstrate that the BOP's custody classification has affected the fact or duration of his confinement. For example, he does not allege that his right to earn good conduct time has been affected by his custody classification. Nor does he allege that he is being denied the right to participate in any program, the successful completion of which affects the length of his sentence. Instead, Petitioner's allegations challenge the place of his confinement – a claim implicating only the conditions of confinement. In sum, Petitioner's claims are not an attack on, nor are they related in any way to, the execution of his sentence. To pursue the claims he raises herein, Petitioner must file a lawsuit governed by *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 399 (1971).[1]

Moreover, even if the Court found that Petitioner's custody level is incorrect, such an error does not rise to the level of a due process violation. Federal inmates do not possess a protected liberty interest in security classification. *See Posey v. Dewalt*, 86 F.Supp.2d 565, 571 (E.D. Va 1999); *Grayson v. Federal Bureau of Prisons*, 2011 WL 7154384, *3 (N.D. W.Va. July 22, 2011)(Kaull). Instead, security classification is reserved to the sole discretion of prison officials. *See Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994).

## V. Recommendation

---

[1] In Bivens, the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under §1983.

For the reasons stated, the undersigned recommends that Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 12) be **GRANTED**, and Petitioner's § 2241 petition (Doc. 1) be **DENIED and DISMISSED WITHOUT PREJUDICE** to his right to file a *Bivens* action**.**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Court Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir.), *cert. denied,* 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet, and to counsel of record via electronic means.

DATED: April 1, 2015.

                                                   /s/ Robert W. Trumble
                                                 ROBERT W. TRUMBLE
                                                 UNITED STATES MAGISTRATE JUDGE