IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FREDERICK LAWRENCE CUNNINGHAM, JR.,

    Petitioner,

v.                              Civil Action No. 5:14CV114
                                      (STAMP)
TERRY O'BRIEN, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION**

I.  Background

On August 19, 2014, Frederick Lawrence Cunningham, Jr. ("petitioner") filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner contests his custody classification as assigned by the Bureau of Prisons ("BOP"). This petition was referred to United States Magistrate Judge Robert W. Trumble for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Thereafter, the respondent, Terry O'Brien, filed a motion to dismiss or, in the alternative, motion for summary judgment. A Roseboro notice[2] was issued to the petitioner informing him of his right to respond to the respondent's motion. The petitioner filed a reply to the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

[2] See Davis v. Zahradrich, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

respondent's motion. Magistrate Judge Trumble entered a report recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice based upon his finding that the petitioner should have filed his a claim pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971). In that report, the magistrate judge informed the parties that they had fourteen days from when the report was received to file objections or else their appeal rights would be waived. Neither party has filed objections.

In his petition, the petitioner argues that the BOP should not have raised his custody classification from moderate, with no public safety factor, to greater severity with a greatest public safety factor. The petitioner requests that this Court direct the BOP to correct his classification. The respondent contends that the petitioner's claims are not cognizable under § 2241 because the petitioner is challenging the conditions of his confinement rather than the means of executing his sentence (i.e. timing of release from custody). The respondent also asserts that the petitioner has no constitutional right to be classified at a certain classification.

In his reply, the petitioner reiterates that his custody classification is incorrect. The petitioner further asserts that because of the incorrect classification he is at a higher risk of being subjected to violence because his classification places him in a United States Penitentiary ("USP") rather than a Federal

2

Correctional Institution ("FCI"). As such, the petitioner contends that being kept in a USP is a claim regarding the execution of his sentence and is a proper § 2241.

## II. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

The magistrate judge found that § 2241 is an improper vehicle for the petitioner's claims because the petitioner attacks the conditions of his confinement rather than the means of execution, and such challenges must be brought pursuant to Bivens. Bivens actions are filed by a person who contends that his civil rights have been violated by a federal actor. In this case, the petitioner is claiming that his alleged right to a certain classification has been violated by the BOP, a federal actor. Accordingly, this Court finds that the magistrate judge's recommendation is not clearly erroneous or contrary to law and will be adopted.

## IV. Conclusion

Having reviewed the magistrate judge's report and recommendation for clear error, this Court hereby AFFIRMS and ADOPTS the report and recommendation in its entirety and the

petitioner's objections are hereby OVERRULED. The respondent's motion to dismiss, or in the alternative for summary judgment, is GRANTED. Accordingly, the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: April 27, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE